**FAEGRE BAKER DANIELS LLP**
BONITA D. MOORE (SBN 221479)
HOWARD D. RUDDELL (SBN 281510)
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025
Telephone:  +1 310 500 2090
Fax:            +1 310 500 2091
Email: bonita.moore@faegrebd.com
Email: howard.ruddell@faegrebd.com

PETER M. ROUTHIER (*pro hac vice* pending)
90 South Seventh Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone:  +1 612 766 7000
Fax:            +1 612 766 1600
Email: peter.routhier@faegrebd.com

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| RAUL TORRES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation; TARGET BRANDS, INC., a Minnesota corporation; and DOES 1-10, inclusive.<br><br>Defendants. | Case No.: 2:17-cv-04007 ODW (AFMx)<br><br>Hon. Otis D. Wright II<br><br>**TARGET CORPORATION'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO 28 USC § 1404(a); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Declaration of Peter M. Routhier; Declaration of Melissa Jungbauer; [Proposed] Order filed concurrently]<br><br>Date:           August 28, 2017<br>Time:          1:30 p.m.<br>Courtroom:  5D |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on August 28, 2017, in the courtroom of the Honorable Otis D. Wright II of the United States District Court for the Central District of California, Courtroom 5D, 350 West 1st Street, Los Angeles, CA 90012, at 1:30 p.m., or as soon thereafter as the matter may be heard, Defendant Target Corporation will, and hereby does, move this Court for an order pursuant to 28 U.S.C. § 1404(a) transferring this action to the United States District Court for the District of Minnesota.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities and accompanying declarations, the files and records of this action, and all other matters and arguments as may come before this Court, including those raised in connection with reply briefing and oral argument relating to this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 13, 2017.

Dated: July 31, 2017

**FAEGRE BAKER DANIELS LLP**

By: */s/ Howard D. Ruddell*
    Howard D. Ruddell

    Bonita D. Moore
    Peter M. Routhier (*pro hac vice* pending)
    Attorneys For Defendant Target Corporation

## INTRODUCTION

This copyright infringement case should be transferred to the District of Minnesota because it has no known connection to this forum. The plaintiff is a New York graffiti artist who alleges that Minnesota-based Target Corporation infringed his copyright and trademark rights. He does not allege any link between this dispute and the state of California. Consequently, it would be far more convenient and fair for the suit to proceed in Minnesota - where Target is headquartered, where the accused item was designed, and where virtually all of the witnesses and other evidence regarding it are located. For the convenience of the parties and in the interests of justice, Target respectfully requests that this case be transferred to the District of Minnesota under 28 U.S.C. § 1404(a).

## FACTUAL BACKGROUND

Target is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. (Jungbauer Decl., ¶ 2.) Target operates over 1,800 retail stores throughout the United States. (*Id.*) In late 2016 and early 2017, Target sold as part of its CAT & JACK children's clothing line a girl's *Pom Pom Heart* tee-shirt, which is the item at issue in this case. (*Id.*, ¶ 3) The design and development of the *Pom Pom Heart* tee took place at Target's headquarters in downtown Minneapolis. (*Id.*) All of Target's potentially relevant documents and employees are consequently located in Minneapolis, Minnesota. (*Id.*)

The plaintiff, Raul Torres, filed suit in this district on May 31, 2017. (Doc. 1.) Noticeably absent from the Complaint is any allegation regarding Torres's residence. (*See id.*, ¶ 5.) Torres also failed to disclosed, as required by Section I(b) of this District's Civil Cover Sheet, his county of residence. (*See generally* Doc. 2.) Torres's answers to Section VIII of that document, however, confirm that he does not reside in any county within the Central District of California. (*Id.* at 2.) The meet-and-confer process with Torres's counsel confirmed the same.

Apparently, Torres was born in New York City and resides there to this day. (*See* Routhier Decl., Ex. A.) His *Love Drunk* series of works, some of which are described and pictured in the Complaint, were reportedly spray painted on various buildings throughout New York City. (*See id.*, Ex. A-B.) His allegedly copyrighted and infringed piece - *Love is Power* - was apparently spray painted on canvas, rather than on a building, and made available for purchase through an online consignment site called Paddle 8. (Doc. 1, ¶ 11.) That too, however, was apparently done in New York, as the listing on Paddle 8's website reflects that *Love is Power* would have been shipped from New York City. (Routhier Decl., Ex. B.)

There are no allegations in the Complaint, or other facts or allegations known to Target, linking the plaintiff or his work to the state of California.

## **ARGUMENT**

Section 1404(a) "empowers a district court to transfer 'any civil action' to another district court if the transfer is warranted by the convenience of parties and witnesses and promotes the interest of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (footnote omitted). The Section 1404 transfer analysis has two steps. *See Dahdoul Textiles, Inc. v. Zinatex Imports, Inc.*, Case No. 2:15-CV-4011-ODW (ASx), 2015 WL 5050514 at *3 (C.D. Cal. Aug. 25, 2015). First, the proposed transferee court must be a forum where the case "might have been brought" - meaning, jurisdiction and venue must be proper in the proposed transferee court. *See id.* Second, the impact of a potential transfer is considered based on an "individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Richoh Corp.*, 487 U.S. 22, 29 (1988)).

This case should be transferred to the District of Minnesota, because (i) it could have been brought there, and (ii) the District of Minnesota is a fairer and more convenient forum.

**I.     This Case Could Have Been Brought in the District of Minnesota**

Both personal jurisdiction and venue would have been proper in the District of Minnesota because Target resides within that district. 28 U.S.C. § 1391(b)(1) & (c)(2).  In addition, the District of Minnesota would have subject matter jurisdiction over this action, as the case presents questions of federal intellectual property law.  28 U.S.C. § 1331 & 1338(a)-b). Thus, this action could have been commenced in the District of Minnesota, and it can be transferred there pursuant to Section 1404.

**II.    The District of Minnesota is a Fairer and More Convenient Forum**

"In ruling on a motion to transfer pursuant to § 1404(a), the court must evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice." *Safarian v. Maserati North America*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008). In addition, the Ninth Circuit has set forth a variety of additional factors that district courts may consider as part of their "case-by-case consideration" of convenience, such as the plaintiff's choice of forum and ease of access to the evidence. *Jones*, 211 F.3d at 498; *see also Visions of America, LLC v. Boston Symphony Orchestra, Inc.*, Case No. 13-CV-4355-PA (AJWx), 2013 WL 12148278, at *4 (C.D. Cal. Oct. 28, 2013) (referring to these as "sub-categories of the three general factors listed in the text of section 1404(a) itself: the convenience of parties, the convenience of witnesses, and the interests of justice"). All of the relevant factors show the District of Minnesota to be a more convenient forum for this dispute.

**A.     The Convenience of the Parties**

Litigating this case in the Central District of California would be inconvenient for both parties. Neither party is based in this district - a fact that, by itself, "strongly favors transfer." *See Bridgeport Enterprises, Inc. v. ValCom, Inc.*, Case No. 12-CV-7159-GHK(FMOx), 2013 WL 12129388, at * (C.D. Cal. Mar. 29, 2013) ("convenience strongly favors transfer because no Party is a resident of this district"); *see also Modavox, Inc. v. AOL LLC*, 2009 WL 8548648 (C.D. Cal. 2009). In contrast,

the District of Minnesota is much more convenient for both parties: Target is based there, and it is closer than California to Torres's New York home.

True enough, "[i]n determining the convenience of the parties, the Court gives deference to the plaintiff's choice of forum." *Catch Curve v. Venali, Inc.*, Case No. 05-CV-04820-DDP(AJWx), 2006 WL 4568799, at *2 (C.D. Cal. Feb. 27, 2006). But the deference ordinarily granted to a plaintiff's choice of forum is diminished in a variety of circumstances, including where "(1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum." *See Metz. v. US Life Ins. Co.*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009); *see also Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). The presence of any of these four circumstances will diminish the weight accorded the plaintiff's choice of forum. *See id. All four* have application here.

To begin with, as mentioned, the plaintiff is based in New York while Target is based in Minnesota - this forum is therefore not the primary residence of either party. In addition, the allegedly copyrighted work was apparently designed in New York, while the allegedly infringing work was designed in Minnesota - meaning none of the operative facts occurred within this judicial district. (*See generally* Jungbauer Decl.) Finally, while it is of course true that Target operates retail stores within the Central District of California, that does not provide the Central District of California with a "particular interest" or "substantial[] connect[ion]" to this case.[1] *See id.* Target operates retail stores in virtually every judicial district in the United States - that fact alone does not give rise to the sort of substantial connection or particular interest that

---

[1] The fact that Target operates retail stores within the Central District of California would, of course, be relevant to a personal jurisdiction or venue analysis. But Target does not dispute personal jurisdiction or venue here.

would make any given district, above another, the most convenient forum for a particular dispute.

This factor therefore supports transfer to the District of Minnesota, as it would be a more convenient forum for the parties.

### 2. The Convenience of the Witnesses

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz*, 674 F. Supp. 2d at 1147 (quoting *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005)). In addition to the "number of witnesses in each location," this factor also considers "'the materiality and importance of the anticipated witnesses' testimony' and then on their convenience to the forum." *Healthtrac Corp. v. Caterpillar Inc.*, 2005 WL 2811765, at *4 (N.D. Cal. Oct. 27, 2005) (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335-36 (9th Cir. 1984)). When the majority of potential witnesses are in another forum, this factor tends to weigh in favor of transfer. *See Metz*, 674 F. Supp. 2d at 1147-18 (finding this factor to weigh in favor of transfer, even though the plaintiff resided in the Central District of California, because "the majority of potential witnesses" were elsewhere).

The Central District of California is inconvenient for all known witnesses. That is because there are zero potential witnesses - either known to Target or identified by the plaintiff - located in the state of California. *See Broad. Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*, Case No. 06-cv-1190-JFW (SSx), 2006 WL 1582091, at *2 ("Plaintiffs failed to identify even a single potential witness who resides in California."); *see also Bite Tech, Inc. v. X2 Impact, Inc.*, Case No. 12-C-5888, 2013 WL 871926, at *5-6 (N.D. Cal Mar. 7, 2013). Torres himself will surely be a witness, but his place of residence is much closer to Minnesota than California. As for Target, as is to be expected in a case of this sort, "all of the party witnesses who are expected to provide relevant testimony regarding [relevant aspects] of Defendant's allegedly

infringing products" reside in Minnesota. *Broad. Data Retrieval Corp.*, 2006 WL 1582091, at *2 (granting defendant's motion to transfer venue). It is inconvenient and unfair to ask those witnesses to travel to California to testify in this matter, when the case could have been brought in Minnesota, when the Central District of California has no substantial connection to this case, and when the plaintiff himself does not even live here.[2] *Id.*

The Central District of California would be inconvenient for all known witnesses. This factor favors transfer to the District of Minnesota.

### 3.  The Interests of Justice

"When a court engages in a *forum non conveniens* analysis . . . its central concern is furthering the just, speedy and inexpensive determination of the action." *Pain v. United Technologies Corp.*, 637 F.2d 775, 794 (D.C. Cir. 1980). Target can only speculate as to why Torres chose to bring suit in a forum thousands of miles away from both parties, but regardless of his purpose, it is clear that proceeding in this distant forum will increase costs and occasion unnecessary delays. *See, e.g., Visions of America, LLC v. Boston Symphony Orchestra, Inc.*, Case No. 13-CV-4355-PA(AJWx), 2013 WL 12148278, at *4 (C.D. Cal. Oct. 28, 2013) ("Plaintiff's filing of an action against Defendant in a forum thousands of miles from where Defendant resides and that has little or no connection to the events at issue, raises the potential that Plaintiff chose an inconvenient forum to unfairly increase Defendant's costs and obtain an advantage in this litigation."). It will not serve the interests of justice.

Furthermore, the District of Minnesota has a greater interest in hearing this case. Minnesota has a much closer connection to the facts, documents, and witnesses than the Central District of California, and "[t]he administration of justice is served

---

[2] Target would expect to call at least two party witnesses, both of whom reside in Minnesota, to testify: one regarding the original design of the product in question, and the other to testify regarding its sales. There is simply no reason to ask those witnesses to take time away from work and family, and travel to California, in order to testify in this matter.

more efficiently when the action is litigated in the forum that is 'closer to the action'." *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 834 (N.D. Ill. 1999); *see also Brady v. Von Drehle Corp.*, 2014 WL 4243254, at *1 (N.D. Cal. Aug. 26, 2014) (local interest in a case is greater in the forum in which "the defendant operates"); *Fabus Corp. v. Asiana Exp. Corp.*, 2001 WL 253185, at *2 (N.D. Cal. Mar. 5, 2001) (the forum with the more "significant connection" to the case "has a much more substantial interest" in the controversy).

## CONCLUSION

The factors relevant to the Section 1404(a) analysis overwhelmingly weigh in favor of transferring this case to the District of Minnesota. Target therefore respectfully requests that this Court transfer this case to the District of Minnesota.

Dated: July 31, 2017

**FAEGRE BAKER DANIELS LLP**

By: */s/ Howard D. Ruddell*
Howard D. Ruddell

Bonita D. Moore
Peter M. Routhier (*pro hac vice* pending)
Attorneys For Defendant Target Corporation